UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 88-80651-16

v.                                               Hon. Gerald E. Rosen

SAMUEL DENNIS GROOMS,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO VACATE JUDGMENT OF CONVICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on            June 2, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

       In January of 1991, Defendant Samuel Dennis Grooms was sentenced to 45 months of imprisonment and three years of supervised release following his guilty plea in September of 1990 to a single count of conspiracy to possess with intent to distribute cocaine. Defendant has long since completed serving this sentence.[1] Through the present motion, filed on January 20, 2009, Defendant requests that the Court vacate and set aside this 18-year-old judgment of conviction pursuant to Fed. R. Civ. P. 60(b), arguing that he was denied his Sixth Amendment right to the assistance of counsel because, unbeknownst

---

[1] In July of 1997, Defendant was sentenced to a 15-month term of imprisonment for violating the conditions of his supervised release. This sentence, too, has long since been served.

to him at the time, his attorney engaged in misconduct toward other clients during the same time frame as he was representing Defendant in this case.² For the reasons stated briefly below, the Court finds no basis for awarding the requested relief.

First and foremost, Rule 60(b) does not provide an avenue for relief from a judgment in a criminal case. The Sixth Circuit and other courts have uniformly held that "Fed. R. Civ. P. 60(b) does not apply in criminal proceedings." *United States v. Bender,* No. 03-3881, 96 F. App'x 344, 345 (6th Cir. Apr. 26, 2004); *see also United States v. Diaz,* No. 00-1876, 79 F. App'x 151, 152 (6th Cir. Oct. 24, 2003); *United States v. Charles,* No. 01-5806, 37 F. App'x 758 (6th Cir. June 17, 2002); *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Pope,* No. 03-1523, 124 F. App'x 680, 682 (2d Cir. Mar. 2, 2005); *Bixler v. Harry,* No. 09-11071, 2009 WL 1107699, at *2 (E.D. Mich. Apr. 23, 2009). While "[a] Rule 60(b) motion may be used to seek relief from the denial of [a 28 U.S.C.] § 2255 motion . . . if it pertains to issues that were decided in the § 2255 case," *Bender,* 96 F. App'x at 345, Defendant's present motion raises an issue wholly distinct from the sentencing challenge he advanced in his sole § 2255 motion back in 1992. Accordingly, Defendant's appeal to Rule 60(b) is unavailing.

If Defendant were still in custody under his 1991 judgment of conviction, it might be appropriate to ask whether his present motion should be construed as brought under 28

---

²The misconduct of Defendant's counsel in other cases led to the revocation of his license to practice law in Michigan in October of 1991, as well as an order (also entered in October of 1991) suspending him from the practice of law in this District.

U.S.C. § 2255 and transferred to the Sixth Circuit for a determination whether to permit him to proceed with a second or successive challenge under this statute. Because he is no longer in custody pursuant to the 1991 judgment, however, § 2255 no longer affords him any remedy, and he must proceed via a petition for a writ of error *coram nobis*. *See Blanton v. United States,* 94 F.3d 227, 231 (6th Cir. 1996). "Coram nobis may be used only to review errors of the most fundamental character, that is, such as rendered the proceeding itself invalid," *Blanton,* 94 F.3d at 231 (internal quotation marks and citations omitted), and "a writ of error coram nobis is rarely granted," *Craven v. United States,* No. 01-3048, 26 F. App'x 417, 419 (6th Cir. Dec. 10, 2001).

In this case, there is no need to decide whether Defendant could meet the stringent requirements for securing a writ of error *coram nobis,* because any such request would surely be barred by laches. *See Blanton,* 94 F.3d at 231 (confirming that the doctrine of laches is applicable to *coram nobis* proceedings); *Craven,* 26 F. App'x at 419. Eighteen years have passed since the entry of the judgment of conviction that Defendant now wishes to challenge. Although Defendant apparently only recently learned of the revocation of his counsel's law license back in October of 1991, the means for this discovery have long been at his disposal. As Defendant himself concedes, he was promptly advised of the disciplinary measures imposed against his former attorney within a short time after he wrote to the State Bar of Michigan in September of 2008. Defendant has not identified any impediment to making such an inquiry long ago, either while he was still serving the sentence imposed in 1991 or within a short time thereafter. As a

3

result, he cannot "demonstrate that sound reasons existed for [his] failure to seek appropriate earlier relief," *Blanton,* 94 F.3d at 231 (internal quotation marks, alteration, and citation omitted), as necessary to avoid the application of the doctrine of laches. *See, e.g., Craven,* 26 F. App'x at 419 (affirming the application of the doctrine of laches in light of an unexplained 7-year delay).[3]

    For these reasons,

---

[3]Even if Defendant had petitioned for a writ of error *coram nobis,* and even if such relief were not barred by laches, any such claim would fail on the merits. Defendant's motion rests solely on the premise that his counsel must have provided ineffective assistance in connection with his 1990 guilty plea and 1991 conviction and sentence, in light of the deficiencies in his counsel's representation of other clients in the same time period and the subsequent revocation of his counsel's law license. Yet, the courts have declined to adopt a *per se* rule that an attorney who is subject to discipline or disbarment for conduct unrelated to the representation of a defendant in a criminal case should be deemed to have provided constitutionally ineffective assistance of counsel in the criminal proceeding. *See, e.g., United States v. Ross,* 338 F.3d 1054, 1056-57 (9th Cir. 2003); *United States v. Mitchell,* 216 F.3d 1126, 1131-33 (D.C. Cir. 2000); *Vance v. Lehman,* 64 F.3d 119, 122-24 (3d Cir. 1995). Rather, a defendant in such a case still must meet the familiar standards of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), for establishing the ineffective assistance of counsel. *See Ross,* 338 F.3d at 1056-57; *Mitchell,* 216 F.3d at 1132. Defendant has not even attempted such a showing here.

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's January 20, 2009 motion to vacate judgment of conviction (docket #458) is DENIED.

    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated: June 2, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on   June 2, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Wayne F. Pratt  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
  Samuel Dennis Grooms, #13195-039, U.S. Penitentiary, P.O. Box 33, Terre Haute, IN 47808 .

    s/Ruth A. Brissaud
    Ruth A. Brissaud, Case Manager
    (313) 234-5137